**STATE of Iowa, Plaintiff-Appellee,**

v.

**Timothy Howard JOHNSON,
Defendant-Appellant.**

No. 64607.

Court of Appeals of Iowa.

Sept. 29, 1981.

Charles Harrington, Newton, Appellant Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. of Iowa, and John Messina, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

JOHNSON, Judge.

Defendant, Timothy Howard Johnson, appeals from his conviction based upon a jury verdict against him for robbery in the first degree, in violation of section 711.2, The Code 1979. He asserts that trial court erred: 1) in imposing the minimum sentence provided in section 902.7, The Code, because the jury had not specifically found that he used a firearm in the perpetration of the robbery; 2) in failing to suppress certain evidence seized with use of a search warrant allegedly based on a false account of facts in affidavits filed by police officers; 3) in failing to exercise its discretion in sentencing him; and 4) in denying his request for a continuance when a witness failed to obey a subpoena. We affirm.

**I. Scope of Review.** Since this is an action at law, our review is on assigned error only. Iowa R.App.P. 4.

**II. Minimum Sentence.** Defendant argues that the jury's failure to make a specific finding as to defendant's use of a firearm precludes imposition of the minimum sentence provided in section 902.7, The Code. We disagree.

Section 902.7 provides:

Minimum sentence—use of a firearm. At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

The jury's verdict stated simply that "we, the jury, find the defendant guilty of the crime of robbery in the first degree." No reference was made in the verdict to defendant's possession, display, or use of a firearm. In light of the instructions given the jury by the trial court, we believe that the jury necessarily found that the defendant was armed with a firearm, while committing a robbery, when it found him guilty of robbery in the first degree.

We note first that section 711.2, The Code, provides that "[a] person commits robbery in the first degree when, perpetrating a robbery, the person inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon. A "dangerous weapon" includes, but is not limited to, firearms. § 702.7, The Code. Robbery in the first degree is a forcible felony. § 702.11, The Code.

The jury was instructed as follows:

INSTRUCTION NO. 6

\*    \*    \*    \*    \*    \*

Robbery in the first degree occurs when a person, while perpetrating the robbery, is armed with a dangerous weapon. Otherwise, it's robbery in the second degree.

INSTRUCTION NO. 7

In order to convict the defendant of the crime of robbery in the first degree the State must prove by the evidence beyond a reasonable doubt each and all of the following propositions.

\*    \*    \*    \*    \*    \*

4. That at the time the defendant was armed with a dangerous weapon.

INSTRUCTION NO. 12

You are instructed that a shotgun is a dangerous weapon.

The evidence at trial was that defendant took $8,400 from the victim at gunpoint. The victim testified that defendant pointed a single-barrel shotgun towards him and demanded that the victim throw his bags of money down. There was no testimony that could possibly be construed to indicate that the "dangerous weapon" was other than a firearm, or that defendant otherwise attempted to inflict serious injury. The only possible conclusion trial court could have reached, from the jury's verdict, was that the jury found, beyond a reasonable doubt, that the defendant accomplished the robbery while armed with a firearm. We conclude, therefore, that trial court correctly applied section 902.7, The Code.

**III. Suppression of Evidence.** The defendant further asserts that evidence seized pursuant to a search warrant should have been suppressed due to the warrant's invalidity. He specifically alleges that the police officers gave a false account to the magistrate by failing to give a full account of the known facts relevant to defendant's guilt or innocence in their affidavits. We disagree.

■ In *State v. Boyd*, 224 N.W.2d 609 (Iowa 1974), the supreme court adopted the rule permitting a defendant to challenge the truth of representations upon which a search warrant issues. The court there stated:

> After a review of the various, and sometimes conflicting, conclusions of the other courts, we now adopt a rule permitting a defendant to inquire into the truth of the representations upon which a search warrant has been issued only upon a preliminary showing under oath that an agent or representative of the state has: (1) intentionally made false or untrue statements or otherwise practiced fraud upon the magistrate; or (2) that a material statement made by such agent or representative is false, whether intentional or not. If defendant proves either of the above by a preponderance of the evidence, the search warrant shall be invalidated and the evidence seized thereunder shall be inadmissible.

224 N.W.2d at 616. In passing on the validity of a search warrant, however, the reviewing court may consider only information brought to the attention of the magistrate. *State v. McManus*, 243 N.W.2d 575, 577 (Iowa 1976). "The search warrant must stand or fall on [the] facts recited in the affidavits and the abstracts of oral testimony endorsed on the application. . . ." *State v. Easter*, 241 N.W.2d 885, 886 (Iowa 1976). The determination of whether there is probable cause to search, however, is not an adjudication of one's guilt or innocence. *See generally Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949). Thus, we believe that the state is not required to present all inculpatory and exculpatory evidence to the magistrate for this determination, but is required only to provide that evidence which would cause a person of reasonable prudence to believe that evidence of a crime was being concealed on the premises to be searched. *State v. Post*, 286 N.W.2d 195 (Iowa 1979). Since the facts of this case meet this test, we conclude that trial court properly refused to suppress the evidence.

■ **IV. Sentencing Discretion.** Defendant argues that trial court failed to set forth its reasons for imposing the particular sentence and that, as a result, it is impossi-

ble to determine whether the court properly exercised its sentencing discretion. He thus apparently requests this court to remand for resentencing. We find no merit to this argument. Trial court correctly advised defendant that it had no discretion in sentencing. *See* §§ 902.3, 902.7, 902.9 and 711.2, The Code.

**V. Continuance.** Defendant finally argues that trial court's refusal to grant a continuance, when a police officer who had been previously subpoenaed failed to appear on a succeeding day of trial, requires this court to grant a new trial. We find no merit in this contention.

Defendant is not entitled to reversal unless he can demonstrate not only an abuse of discretion, but prejudice as well. *See State v. Gartin*, 271 N.W.2d 902, 910 (Iowa 1978). We conclude defendant cannot show prejudice in this case since he failed to make an offer of proof as to the substance of the officer's testimony, thereby permitting a determination of the effect that testimony would have had on his case.

It is well settled that failure to make an offer of proof of excluded testimony leaves nothing for review. *In re Estate of Herm*, 284 N.W.2d 191, 197 (Iowa 1979); *Hegtvedt v. Prybil*, 223 N.W.2d 186, 189 (Iowa 1974). The rationale for this rule is that the reviewing court cannot predicate error upon speculation as to what the excluded evidence would show. *Grosjean v. Spencer*, 258 Iowa 685, 695, 140 N.W.2d 139, 145 (1966). Having failed to make an offer of proof, defendant has provided no basis for the court to grant a new trial.

Having found no error, we affirm trial court's judgment.

AFFIRMED.