**STATE of Iowa, Plaintiff-Appellee,**

v.

**David R. KINZENBAW,**
**Defendant-Appellant.**

**No. 83–16.**

Court of Appeals of Iowa.

Nov. 30, 1983.

Gary L. Robinson of Klinger, Robinson & McCuskey, Cedar Rapids, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mary Jane Blink, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendant, David R. Kinzenbaw, appeals from his conviction of voluntary manslaughter as defined in Iowa Code section 707.4 (1981), and from the resulting sentence. He asserts that the evidence was insufficient to support the jury's verdict and that the trial court's failure to submit a special interrogatory regarding use of a firearm precludes the application of Iowa Code section 902.7 (1981). We affirm.

Our review of criminal cases is on assigned error. *State v. Cullison,* 227 N.W.2d 121, 126–27 (Iowa 1975).

I. *Sufficiency of the Evidence.* At trial, the State attempted to prove that the defendant and the victim, Danita Straw, had been involved in a long and stormy romantic relationship, that they had lived and worked together until one month before the victim's death, that on the morning of October 15, 1981, the defendant shot Danita Straw seven times with a Walther P.38 after an argument, and that the defendant fled from the scene of the shooting and discarded the weapon. The defendant was charged with the offense of murder in the first degree. The jury found the defendant guilty of voluntary manslaughter.

The defendant asserts that the record lacks substantial evidence that he acted solely as a result of a sudden, violent, and irresistible passion which resulted from serious provocation sufficient to excite such passion in a reasonable person. *See State v. Inger,* 292 N.W.2d 119, 122 (Iowa 1980). Defendant argues that he and the victim had stopped arguing before the shooting and had resolved their differences. He asserts that the shooting was accidental and that the gun had malfunctioned, causing it to empty into the victim after the trigger was accidently pulled. The defendant requests that a judgment of acquittal be entered or that he be granted a new trial.

In reviewing the defendant's claim, we keep certain principles in mind. We view the evidence in the light most favorable to the State; all inferences that are fairly and reasonably deducted from the evi-

dence are accepted; and all the evidence, not just that supporting the verdict is considered. Furthermore, the verdict will be upheld if supported by "substantial" evidence, i.e. evidence which would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.

*State v. Freie*, 335 N.W.2d 169, 171 (Iowa 1983) (citations omitted).

The victim was fatally shot outside the condominium where she lived with a girlfriend after an argument with the defendant. She was shot once in the abdomen, several times in the chest and right arm, and once in the head. She was shot at close range with a Walther P.38 pistol which was not subsequently recovered. Danita Straw died shortly thereafter as a result of either the head wound or internal bleeding. The defendant fled the scene without attempting to aid the victim and discarded the weapon somewhere during flight.

On the night of the shooting, defendant had driven his truck to Straw's condominium with the intent of staying the night. Defendant had previously argued with the victim at the Cedar View Tavern over going to a party. The victim and Steven Grant, the brother of the victim's roommate, eventually attended the party and returned to the condominium around 4:30 a.m. The defendant had awakened the victim's roommate to inquire as to the whereabouts of the victim. When he saw the victim approach he went out the back door of the condominium. The victim, upon learning where the defendant had gone, followed him and commenced arguing with him. The victim's roommate and Steven Grant heard the argument but did not intervene because there had been frequent arguments in the past between the defendant and the victim. After hearing two shots, Steven Grant went outside where he saw defendant standing with both hands on the gun pointing toward the ground where Straw was lying. Steven Grant and the victim's roommate testified that after the first two shots there was a pause during

which the victim screamed: "Oh, God, no, Dave."

The defendant's version of the incident was that they settled their argument and, as he was preparing to leave in his pickup truck, he laid the gun in his lap in order to replace it in its holster. It allegedly fell out when he kicked it from under the seat as he got into the vehicle. The victim then seized the gun and ran away from the truck. When the defendant pursued her, she turned and pointed the gun at him. As the defendant turned the gun toward her, her finger became caught in the trigger. Although the gun normally fired only once when the trigger is pulled, it malfunctioned and the entire magazine was emptied into the victim. Defendant asserts that he then fled in panic.

The State sought to convict the defendant of first degree murder. The jury, however, found defendant guilty of voluntary manslaughter. The State was required to prove the elements of voluntary manslaughter beyond a reasonable doubt. *See* Iowa Code § 707.4 (1981); *State v. Inger*, 292 N.W.2d at 122.

The record indicates that there was considerable evidence of the defendant's arguing with the victim and then shooting her; the evidence of the parties' volatile relationship was substantial; and there was evidence contradicting the defendant's version of the events. We believe a jury question was generated on the issue of whether the killing was done intentionally by reason of passion resulting from serious provocation and that there was substantial evidence to support the verdict.

II. *Minimum Sentence.* Defendant contends he is entitled to a new trial or, in the alternative, to a remand for resentencing because of the trial court's failure to submit the special interrogatory concerning the use of a firearm as required by Iowa Rules of Criminal Procedure 6(6) and 21(2). Defendant argues that the jury's failure to make a specific finding as to defendant's use of a firearm precludes imposition of the minimum sentence provided in Iowa Code section 902.7 (1981).

Defendant does not dispute that the crime of voluntary manslaughter is a forcible felony. *See. State v. Hellwege*, 294 N.W.2d 689, 691 (Iowa 1980). Defendant contends only that the interrogatory is required by Iowa Rules of Criminal Procedure 6(6) and 21(2), which provide, in relevant part, "[i]f use of a firearm is alleged as provided by this rule, and if the allegation is supported by the evidence, the court *shall* submit to the jury a special interrogatory concerning this matter...." (emphasis added).

Jury instruction number twenty-eight required the State to prove beyond a reasonable doubt "[t]hat on or about the 15th day of October, 1981, the defendant did intentionally shoot Danita Straw with a firearm." This is also essentially what the finder of fact is required to find before Iowa Code section 902.7 can be applied. The trial court did not submit a separate special interrogatory. Neither the State nor the defendant objected to that procedure prior to sentencing. The trial court was, therefore, not given the opportunity to correct any error on its part in not submitting the interrogatory along with other instructions. The defendant did, however, object at sentencing to the application of Iowa Code section 902.7 (1981), to this case. *See State v. Matlock*, 289 N.W.2d 625, 629 (Iowa 1980) (the section 902.7 findings are to be made by the trier of fact). Assuming, without deciding, that the objection was timely, we believe defendant's contentions are without merit.

The defendant asserts that the case of *State v. Johnson*, 312 N.W.2d 144 (Iowa Ct.App.1981), does not control this issue because it was decided under the 1979 Iowa Code before the modification of rules 6(6) and 21(2).[1] *See* 1980 Iowa Acts ch. 1208. We must determine, therefore, whether this new language requires us to remand this case for resentencing without consideration of the enhanced punishment provisions of Iowa Code section 902.7 because the trial court failed to submit the special interrogatory.

The State argues that although the submission of the interrogatory may be obligatory upon the court and not discretionary, the language of the rules indicate that the duty is directory and not mandatory. *See State v. Lohr*, 266 N.W.2d 1, 5 (Iowa 1978); *Taylor v. Department of Transportation*, 260 N.W.2d 521, 522–23 (Iowa 1977). The sentencing court, absent prejudice, may therefore consider enhanced punishment. We agree.

The main objective of the rules is to establish a procedure by which to insure compliance with the requirements of Iowa Code section 902.7. *State v. Bruns*, 304 N.W.2d 217, 219 (Iowa 1981). The main objective of Iowa Code section 902.7 is to enhance punishment for the use of a firearm in committing a forcible felony. While these objectives are facilitated by compliance with the rules, we hold the prescribed duty to submit the interrogatory as to the use of firearms before considering the enhanced punishment is not mandatory where other jury instructions also require the jury to find beyond a reasonable doubt the use of a firearm. The failure to submit the special interrogatory on the use of a firearm, unaccompanied by any showing of prejudice, does not, therefore, prevent the application of Iowa Code section 902.7. Where the required findings are necessarily included in the jury verdict, the sentencing court may consider enhanced punishment. Thus, we adhere to our rationale in *State v. Johnson*, 312 N.W.2d 144.

The evidence at trial was that Danita Straw had died of multiple gun shot wounds. The defendant did not deny that she had died of gun shot wounds, rather he denied that he had intentionally shot her.

1. Defendant also asserted to the sentencing court that the fact the case was an Iowa Court of Appeals case rather than an Iowa Supreme Court case made it inapplicable to the present case. We note that under Iowa Supreme Court Rule 10 and Iowa Rule of Appellate Procedure 14(e), a published Iowa Court of Appeals opinion may be cited for any proposition stated therein. We also note that under Iowa Rule of Appellate Procedure 14(a)(2), when a case is cited in the brief it should be included in the table of cases.

Jury instruction twenty-eight required the State to prove beyond a reasonable doubt that the defendant used a firearm in shooting the victim in order to find the defendant guilty. The defendant suffered no prejudice as a result of the failure to submit a separate interrogatory. The sentencing court, therefore, did not commit reversible error when it considered and applied section 902.7 to the defendant in this case.

AFFIRMED.