STATE of Iowa, Plaintiff–Appellee,

v.

Tim BEAVER, Defendant–Appellant.

No. 87–602.

Court of Appeals of Iowa.

July 27, 1988.

Raymond E. Rogers, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., John E. Billingsley, Jasper Co. Atty., and Cliff Wendell, Asst. Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Defendant, convicted of robbery in the first degree in violation of Iowa Code section 711.2, appeals his sentence to no more than twenty-five years subject to a five-year minimum before parole eligibility. Defendant contends that the district court erred in imposing the five-year minimum prison sentence against him. Defendant also contends that the court erred in failing to state on the record the reasons for its sentence. Our review is for the correction of errors at law. Iowa R.App.P. 4.

The defendant, Tim Beaver, was charged by trial information with first-degree robbery. The trial information alleged, in relevant part, that Beaver did, "rob or aid and abet in the robbery of Tom Buss, manager of McDonald's, while armed with a firearm." In its instructions to the jury, the trial court did not submit a special interrogatory asking the jury to decide whether the defendant used a firearm in the commission

of the robbery. Following a guilty verdict, the district court sentenced the defendant to no more than twenty-five years, with a five-year minimum for use of a firearm.

■ Beaver first contends that the State must clearly allege in the trial information that it is charging the defendant with a violation of Iowa Code section 902.7, the minimum sentencing statute, in order to impose the five-year minimum sentence. That section provides that a person who is found guilty of a forcible felony and displayed a firearm in a threatening manner during the commission of the felony will receive a mandatory minimum sentence of five years.

Iowa Rule of Criminal Procedure 6(6) requires the State to allege in its trial information that an accused used a firearm in the commission of a forcible felony before the sentencing minimum of section 902.7 can attach, however, rule 6(6) does not require a specific reference to section 902.7. Iowa R.Cr.P. 6(6). Beaver argues that since the State chose not to allege a specific violation of 902.7, there is no basis for the five-year minimum sentence. We disagree.

We agree that a specific reference to section 902.7 may be the better practice. However, the trial information here did allege that a firearm had been used by Beaver in the commission of the robbery, as expressly required by rule 6(6). *See also State v. Luckett*, 387 N.W.2d 298, 301 (Iowa 1986). Since Iowa Rule of Criminal Procedure 6(6) does not expressly require reference to section 902.7 of the Iowa Code and since the trial information contained the language "... while armed with a firearm," we find defendant's claim to be without merit.

■ Beaver further contends that the district court did not strictly comply with that part of rule 6(6) which provides, "If use of a firearm is alleged ... and ... supported by the evidence, the court shall submit to the jury a special interrogatory concerning the matter...." While the district court did not submit a separate, special interrogatory to the jury on the use of a firearm, such failure, unaccompanied by a showing of prejudice, does not prevent the imposition of a minimum sentence. *State v. Kinzenbaw*, 344 N.W.2d 258, 261 (Iowa App.1983).

The record indicates that in jury instruction number fifteen, the State was required to prove beyond a reasonable doubt "[t]hat on or about the 14th day of October, 1985, [the] [d]efendant intended to commit a theft ... armed with a dangerous weapon." Jury instruction number twenty-one defined dangerous weapon to include any gun. In *Kinzenbaw*, we held, under similar facts, that "the prescribed duty to submit the interrogatory as to the use of firearms before considering the enhanced punishment is *not* mandatory where other jury instructions also require the jury to find beyond a reasonable doubt the use of a firearm." *Id.* at 261 (emphasis added).

In view of the foregoing, we hold that the district court substantially complied with Iowa Rule of Criminal Procedure 6(6).

■ In the alternative, Beaver contends that even if the district court had the authority to impose the five-year minimum sentence, that sentence is not mandatory, and the court has the discretion to impose a lesser sentence. He argues that because the district court had such discretion, it was thus required to state on the record its reasons for selecting a particular sentence in accordance with Iowa Rule of Criminal Procedure 22(3)(d).

Iowa Code section 901.10 was amended by section 1, S.F. 213, 71st G.A. in 1985, and provides:

A court sentencing a person for the person's first conviction under section 204.-406, 204.413, or 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if mitigating circumstances exist and those circumstances are stated specifically in the record. However, the state may appeal the discretionary decision on the grounds that the stated mitigating circumstances do not warrant a reduction of the sentence.

1985 Iowa Acts ch. 41, § 1 (codified at Iowa Code § 901.10 (1987)). In cases where sec-

tion 901.10 is found to be applicable, a reviewing court will intervene and remand for resentencing only where an abuse of discretion is evident. On the other hand, in cases where the court has no discretion (i.e., where a sentence imposed is mandated by the applicable statute), the Iowa Supreme Court has held that failure to state reasons for a sentence does not require remand for a statement of reasons. *See State v. Hemminger*, 308 N.W.2d 17, 21 (Iowa 1981) (first degree robbery conviction; sentence mandated under section 902.7). If a court has no discretion in sentencing, it should so state on the record. *State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981); *see also State v. Washington*, 356 N.W.2d 192, 197 (Iowa 1984).

In the case at bar, it is true that the court failed to state its reasons at sentencing for imposing the maximum minimum sentence and it is clear that under *Hemminger* such failure would not have been in error prior to the passage of section 901.10. Here, however, we are guided by both sections 902.7 and 901.10, since at the time of sentencing, section 901.10 was in effect and this was Beaver's first conviction under section 902.7.

It is not clear from the record whether the court was aware that it had the discretion, pursuant to section 901.10, to impose a lesser sentence than that imposed by section 902.7, since at sentencing, it did not state that it lacked such discretion. *See Matlock*, 304 N.W.2d at 228. Nevertheless, under section 901.10, we conclude that the court clearly had such discretion, and the court's failure to exercise the discretion granted it by law requires that the case be remanded for resentencing. *Washington*, 356 N.W.2d at 197 (citing *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977). We also admonish the trial court that pursuant to Rule 22(3)(d) of the Iowa Rules of Criminal Procedure, the court shall state on the record its reasons for selecting the particular sentence and "generalized, vague considerations" in sentencing will not be tolerated. *See State v. Cooper*, 403 N.W.2d 800, 802 (Iowa App.1987).

The conviction is affirmed. The sentence is vacated and remanded for resentencing.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.