**STATE of Iowa, Appellee,**

v.

**Anthony Dawayne TAYLOR, Appellant.**

No. 88–1444.

Supreme Court of Iowa.

March 21, 1990.

As Corrected March 23, 1990.

Rehearing Denied April 18, 1990.

Raymond E. Rogers, Appellate Defender, and Barbara M. Anderson, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James Smith, County Atty., Catherine Thune and Melodee Hanes, Asst. County Attys., for appellee.

LARSON, Justice.

Anthony Dawayne Taylor was convicted, in a jury-waived trial, of voluntary manslaughter in the death of the eight-month-old child of Taylor's fiancee. He has appealed, challenging the sufficiency of the evidence to sustain the conviction. We affirm.

The victim, who had been left in Taylor's care, died as a result of injuries which the court found had been caused by Taylor. The district court found that the State has established by evidence beyond a reasonable doubt that defendant had "grabbed" the child victim by the arms and shaken him back and forth violently, resulting in the destruction of blood vessels surrounding his brain. The court further found that the State had established by the requisite standard of proof that this violent assault caused the victim's death. The court then determined that the defendant was guilty of the crime of voluntary manslaughter, not murder, because the killing did not involve malice aforethought due to defendant's emotional state.

Iowa Code section 707.4 (1987) provides, in part:

A person commits voluntary manslaughter when that person causes the death of another person, *under circum-*

*stances which would otherwise be murder,* if the person causing the death acts solely as the result of sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a person and there is not an interval between the provocation and the killing in which a person of ordinary reason and temperament would regain control and suppress the impulse to kill.

(Emphasis added.) Voluntary manslaughter is a class "C" felony. *Id.*

Two categories of involuntary manslaughter, one a class "D" felony and the other an aggravated misdemeanor, are set out in Iowa Code section 707.5. Under Taylor's theory, involuntary manslaughter under one of these provisions is the highest offense established by the record.

Defendant's argument on appeal is based on two contentions: (1) that malice aforethought is an element of voluntary manslaughter under Iowa Code section 707.4 (1987), and that the State failed to prove it; and (2) that the provocation necessary to a finding of voluntary manslaughter could not, as a matter of law, be found because of the tender age of the victim.

■ I. Taylor's argument that malice aforethought is an element of voluntary manslaughter must be rejected on the basis of the clear wording of section 707.4, which provides that, when a crime would otherwise be murder, provocation will reduce it to voluntary manslaughter. Thus, malice is the only ingredient of murder not found in voluntary manslaughter. *See* 4 J. Yeager & R. Carlson, *Iowa Practice, Criminal Law and Procedure* § 144, at 41–42 (1990 Supp.) [hereinafter cited as Yeager & Carlson]. This view accords with the general rule at common law. *See, e.g., State v. Shipley,* 259 Iowa 952, 960, 146 N.W.2d 266, 271 (1966) ("[D]efendant could not possibly be prejudiced [by alleged error in malice instruction] as malice is not an element of manslaughter...."); *State v. Brown,* 152 Iowa 427, 437, 132 N.W. 862, 866 (1911) ("The distinction between murder and manslaughter is that in the latter there is an absence of malice...."). Malice is clearly not an element of voluntary

manslaughter under Iowa Code section 707.4, and we therefore reject Taylor's first argument.

II. Taylor's second argument, that provocation is an "element" of voluntary manslaughter and that it was not established here, presents a more difficult question. He argues that, as a matter of law, an eight-month-old child is incapable of such provocation. Here, the district court found:

This evidence of the reprehensible conduct of the defendant is insufficient to prove "malice aforethought." Based upon the entire record the Court concludes that the defendant's action was the result of frustration, an immature reaction, not a fixed purpose or designed to do some physical harm to [the child].

While this finding did not precisely track the provocation language of section 707.4, it is clear that the court found provocation.

■ Provocation under section 707.4 is that which is "sufficient to excite such passion in a person." While this test does not specifically refer to a "reasonable" person, it is clear that it establishes an objective standard for determining whether provocation exists. *State v. Inger,* 292 N.W.2d 119, 122 (Iowa 1980); Yeager & Carlson § 146, at 42. It is very doubtful, under an objective test, that the evidence in this case could support a finding of provocation. More significantly, the prevailing view is that a child as young as this victim cannot, as a matter of law, provoke a defendant in such a way as to reduce the crime to voluntary manslaughter. *See People v. Crews,* 38 Ill.2d 331, 334, 231 N.E.2d 451, 453 (1967); *Robinson v. State,* 453 N.E.2d 280, 283–84 (Ind.1983).

■ We agree with Taylor that the court erred in finding provocation. We do not agree, however, that the error was reversible. As we have already noted, voluntary manslaughter under section 707.4 amounts to murder without the ingredient of malice: "A person commits voluntary manslaughter when that person causes the death of another person, *under circumstances*

*which would otherwise be murder"* if it were not for the existence of provocation.

The district court's erroneous finding of provocation merely gave Taylor a break to which he was not entitled. In a case directly on point, a North Carolina court held that it was error to submit provocation in the death of a young child but held that the error was not reversible. The court said:

> Voluntary manslaughter is usually defined as an intentional killing, done without premeditation or deliberation, and without malice. The element of malice, which is a necessary component of second degree murder, is usually negatived in the voluntary manslaughter context by either heat of passion suddenly aroused upon adequate provocation or by the situation where the defendant has an imperfect right of self-defense. In this case, involving the death of a child from the so-called "battered child" syndrome, where there was a great disparity in age and size between the victim and her slayer, and particularly where the slayer stood *in loco parentis* with the child, we are of the opinion that as a matter of law adequate provocation could not be found to exist so as to justify submission of voluntary manslaughter where the evidence showed that the defendant beat and abused a child unto its death.

*State v. Vega,* 40 N.C.App. 326, 333, 253 S.E.2d 94, 98, *cert. denied,* 444 U.S. 968, 100 S.Ct. 459, 62 L.Ed.2d 382 (1979) (citations omitted).

Regarding the matter of prejudice, the court in *Vega* stated:

> In the present case there is abundant evidence that the child had been beaten viciously, and had been severely burned, these punishments ostensibly being made to "discipline" the child. The evidence would have been ample to support a conviction of second degree murder. There was no evidence before the court adequate in law which would have justified submission of voluntary manslaughter as a lesser included offense. The trial court gave the jury an opportunity which legally they should not have had, to find defendant guilty of a lesser offense. Having been found guilty of a lesser included offense not raised by the evidence, defendant could not have been prejudiced by its submission. The error was manifestly favorable to the defendant and is not reversible.

*Id.* at 333–34, 253 S.E.2d at 98–99 (citation omitted).

The same result was reached in *Jimmerson v. State,* 169 Ark. 353, 275 S.W. 662 (1925), in which the defendant was charged with murder but found guilty of only voluntary manslaughter. The court held there was no evidence of provocation, and the defendant was therefore, in fact, guilty of murder. The court held that the defendant, under these circumstances, could not complain of the error since it worked to his advantage. In *Murphy v. People,* 9 Colo. 435, 13 P. 528 (1887), the court reached the same result. The evidence in *Murphy* did not justify an instruction on provocation, but the defendant was not in a position to complain because, without that error, the conviction would have been for murder. *See also Commonwealth v. Steele,* 362 Pa. 427, 66 A.2d 825 (1959); annotation, *Propriety of Manslaughter Conviction in Prosecution for Murder, Absent Proof of Necessary Elements of Manslaughter,* 19 A.L.R.4th 861 (1983); annotation, *Modern Status of Law Regarding Cure of Error, in Instructions as to One Offense, by Conviction of Higher or Lesser Offense,* 15 A.L.R.4th 118 (1982) ("legally erroneous charges [to the jury] with respect to the element of malice in first-degree murder have been held to be harmless or nonprejudicial, or not to require reversal, because of the defendant's conviction of manslaughter.").

In the present case, there was adequate evidence to find second-degree murder, and the court applied the provocation principles in a case in which it was not applicable. As in *Vega,* this defendant should not be allowed to complain of the court's error. Accordingly, we affirm.

AFFIRMED.

All Justices concur except ANDREASEN, J., and McGIVERIN, C.J., and HARRIS, J., who dissent.

ANDREASEN, Justice (dissenting).

Taylor was charged with second-degree murder. By statute this charge includes the offenses of voluntary and involuntary manslaughter. Taylor waived his right to a jury and the case was tried to the court on July 13, 1988. On August 5, 1988, the court filed its written findings of fact, conclusions of law and ruling.

The district court correctly recognized that to convict Taylor of murder the State must prove he killed Sylvester Koester with malice aforethought. Iowa Code § 707.1 (murder defined). After considering all the evidence presented at trial, the trial court specifically found the State had failed to prove malice aforethought and found Taylor not guilty of murder. The court then considered the statutory included offense of voluntary manslaughter. Iowa Code § 707.4.

The court in its written finding and conclusion stated:

To find the defendant guilty of voluntary manslaughter the evidence must establish beyond a reasonable doubt that:

(1) That on February 23, 1988, the defendant did grab Sylvester Koester and shake him violently.

(2) That such violent shaking was done solely by reason of passion resulting from frustration the defendant experienced when the child was crying, fussing and irritable.

(3) That Sylvester Koester died as a result of being violently shaken.

The court then concluded that the evidence established each of the above elements beyond a reasonable doubt and found that Taylor was guilty of voluntary manslaughter.

The trial court erred in two respects. First, the court failed to recognize that adequate provocation is an element of the offense of voluntary manslaughter. Second, the court failed to recognize that it cannot consider a statutorily-included offense where there is no factual basis for doing so.

I. *Provocation.*

The majority opinion does not expressly recognize adequate provocation is an element of the offense of voluntary manslaughter in Iowa. I believe it is. Our early cases recognized provocation as one of the essential features of the offense. Because manslaughter was not defined by statute in Iowa until 1978, we applied the common-law definition. As stated in *State v. Boston*, 233 Iowa 1249, 1255, 11 N.W.2d 407, 410 (1943):

The common law definition, the unlawful killing of another without malice express or implied, prevails in Iowa. It is commonly divided into voluntary and involuntary manslaughter. The former is committed in a sudden heat of passion due to adequate provocation. Involuntary manslaughter is an unintentional killing without malice in the doing of an unlawful act not amounting to a felony or of some lawful act not amounting to a felony or of some lawful act in an unlawful manner.

The common-law definitions of manslaughter were substantially codified by the adoption of the Iowa Criminal Code.

We continued to recognize provocation as an essential element of voluntary manslaughter after the adoption of the Code. In *State v. Ingers*, 292 N.W.2d 119, 122 (Iowa 1980), we approved the court's instruction requiring the State to prove provocation. We held section 707.4 required both a subjective and objective standard be met before a defendant can be convicted of voluntary manslaughter. In *State v. Ware*, 338 N.W.2d 707, 714–15 (Iowa 1983), we stated a factual prerequisite of the crime is that the defendant must have acted "solely as a result of sudden, violent, and irresistible passion resulting from serious provocation...." Because there was no evidence that the defendant acted out of passion resulting from serious provocation, we held voluntary manslaughter was not a factually-supported lesser-included offense of murder. *Id.*

Relying on these and other authorities the court of appeals affirmed a voluntary manslaughter conviction where it found

substantial evidence to support the submission of the offense. *State v. Kinzenbaw,* 344 N.W.2d 258 (Iowa App.1983). After recognizing the State was required to prove the elements of voluntary manslaughter beyond a reasonable doubt, the court found a jury question was generated on the issue of whether the killing was done intentionally by reason of passion resulting from serious provocation. *Id.* at 259. In *State v. Thongvanh,* 398 N.W.2d 182, 189 (Iowa App.1986), the court found voluntary manslaughter was not a factually-supported lesser-included offense where there was no evidence of irresistible passion resulting from serious provocation.

Furthermore, the Iowa Criminal Jury Instructions identify serious provocation as an element of the offense of voluntary manslaughter. Iowa Criminal Jury Instructions 700.15 (1989).

The majority held the district court erred in finding provocation. I would conclude there was no evidence of adequate provocation to support Taylor's conviction of voluntary manslaughter.

## II. *Lesser–Included Offenses.*

In *State v. Jeffries,* 430 N.W.2d 728 (Iowa 1988), we modified our prior law relating to lesser-included offenses. We recognized that before submitting statutorily-mandated lesser-included offenses, such as voluntary manslaughter, the trial court must apply the factual test to determine if sufficient evidence exists to submit the lesser-included offense. *Id.* at 737. Further caution was given in *State v. Royer,* 436 N.W.2d 637, 642–43 (Iowa 1989), where we stated:

> In the case of statutorily mandated lesser-included offenses, however, a factual test is necessary because the lesser-included offense usually contains elements not found in the greater offense.... Consequently, the necessary factual test is whether substantial evidence of each necessary element of the lesser-included offenses has been produced.

Under this test, voluntary manslaughter should not have been considered by the district court. The requisite element of provocation was not supported by evidence.

## III. *Prejudicial Error.*

The majority, after recognizing the district court had erred, finds the error was not reversible. The cases cited in support suggest there is no prejudicial error if a defendant charged with murder is convicted of voluntary manslaughter although the necessary element of provocation did not exist. They suggest the defendant cannot complain because the error worked to his advantage. The majority opinion adopts this reasoning. I am unwilling to assume the trial court would have found Taylor guilty of murder had the court correctly applied the law of voluntary manslaughter. I accept the district court's finding that the State failed to provide sufficient evidence of malice aforethought. It would appear to be highly prejudicial to find Taylor guilty of voluntary manslaughter without evidence of provocation.

The North Carolina Court of Appeals decision cited by the majority does not indicate whether the defendant requested the submission of a voluntary manslaughter instruction or if he objected to its submission to the jury. We have used similar language where the defendant, charged with murder, did not object to a voluntary manslaughter instruction. *State v. Thompson,* 326 N.W.2d 335 (Iowa 1982) (defendant should not be allowed to gamble on the verdict and then complain). We have also held the submission of the lesser-included offense of voluntary manslaughter is harmless error if the jury returns a verdict of guilty to the greater offense of murder. *State v. Hilleshiem,* 305 N.W.2d 710 (Iowa 1981).

Unlike the *Thompson* case, this case was tried to the court. No instructions or charges were given to a jury. There was no opportunity to object to the court's consideration of voluntary manslaughter until Taylor knew the court had found him guilty of the offense. It is sufficient that Taylor gave the court an opportunity to correct error. He did so in his letter to the court, treated as a motion for new trial and submitted before sentencing, in which he

claimed the State failed to establish a factual basis for the charge of voluntary manslaughter. The defendant thus preserved error on this issue.

It is the duty of this court to correct, *not overlook*, preserved error. The district court's error was unfortunate, but the remedy does not lie in affirming the conviction. The question on review is not whether the defendant committed murder but whether he committed voluntary manslaughter. A conviction of voluntary manslaughter without sufficient evidence of provocation cannot stand. I would reverse the voluntary manslaughter conviction and remand to the district court in order that the district court may proceed under Iowa Rule of Criminal Procedure 23(2)(c) as to the lesser-included offense of involuntary manslaughter. *See* Iowa Code § 707.5(1); *State v. Caldwell*, 385 N.W.2d 553, 556 (Iowa 1986) (discussion of elements of offense).

McGIVERIN, C.J., and HARRIS, J., join this dissent.