**STATE of Iowa, Appellee,**

v.

**E. W. WILLIAMS, Appellant.**

**No. 54359.**

Supreme Court of Iowa.

Jan. 14, 1972.

**530**

———◆———

John W. Pieters, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and David J. Dutton, County Atty., Waterloo, for appellee.

PER CURIAM:

Defendant was charged by county attorney's information with the offense of selling beer to a minor, in violation of § 124.20, The Code. He was convicted after jury trial and now appeals. We affirm.

The sole error assigned by defendant is trial court's failure to sustain his motion for directed verdict. Grounds of the motion relied on are 1) lack of evidence to prove defendant's knowledge of the beer purchaser's minority, and 2) defective information because the word "knowingly", an element of the crime now essential under § 124.20, was omitted.

■ I. This appeal was taken before publication of our recent cases construing § 124.20, amended by 61st General Assembly Chapter 150, Section 4 (1965) to require knowledge by the defendant that the beer purchaser is a minor. We have since held a jury question is generated on this element when the jury observes the minor purchaser as a witness. State v. Lelchook, 186 N.W.2d 655 (Iowa 1971); State v. Straw, 185 N.W.2d 812 (Iowa 1971). Here the minor took the stand and identified defendant as the one who sold her the beer. The above cases are controlling; the case was rightly submitted to the jury.

■ II. In considering the alleged defective information, § 777.3, The Code, is pertinent:

"All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case."

A county attorney's information shall be considered and construed in the same manner as an indictment. Sections 769.12, 769.13, The Code; Lamb v. Davis, 244 Iowa 231, 56 N.W.2d 481 (1953). The alleged omission in the instant information was first asserted by defendant in his motion for directed verdict. This was not done in the manner nor within the time required by the above statutes. The claimed defect is therefore waived. See State v. Medina, 165 N.W.2d 777 (Iowa 1969); City of Des Moines v. Pugh, 231 Iowa 1283, 2 N.W.2d 754 (1942).

There being no error, the case is

Affirmed.