Frank D. JONES and Adora Jones,
Appellants,

v.

IOWA STATE HIGHWAY COMMISSION,
Acting For and in Behalf of the
State of Iowa, Appellee.

No. 55415.

Supreme Court of Iowa.

April 25, 1973.

John D. Randall, Cedar Rapids, for appellants.

Richard C. Turner, Atty. Gen., and Larry M. Blumberg, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

Plaintiffs ask us to reverse an order sustaining defendant's motion to dismiss their action brought under the State Tort Claims Act (Chapter 25A, The Code, 1971). We affirm the trial court.

Plaintiffs' petition is in two counts and seeks recovery against the state for tortious conduct of its agents in attempting to wrongfully evict plaintiffs from their home. It is alleged the conduct was "an abuse of process and an abuse of a summary remedy by the State of Iowa and the Iowa Highway Commission, and same were done willfully, illegally, and improperly."

The motion to dismiss asserted two grounds, each of which was sustained. It is claimed, first, that the action was against the Iowa State Highway Commission instead of against the state itself as is required by 25A.16, The Code.

The second ground deals with the exceptions to state liability under section 25A.-14(4). One of these exempts the state from liability for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, *abuse or process*, libel, slander, misrepresentation, deceit, or interference with contract rights." (Emphasis supplied.) Defendants argue plaintiffs' claim is one for abuse of process and as such is not maintainable under this exception.

■ I. We agree that section 25A.16 requires actions under the State Tort Claims Act to be brought against the state, not the agency or officer alleged to have been guilty of the wrongful conduct. Goddard v. District of Columbia Redevelopment Land Agency, (1961), 109 U.S.App. D.C. 304, 287 F.2d 343, 345. However, for the purpose of ruling on the state's motion to dismiss plaintiffs' petition, we believe we may properly consider it as a suit against the state, even though the caption leaves that a matter of some uncertainty.

Nevertheless, the petition itself asks judgment against the state alone. Nowhere is a right to relief asserted against the Highway Commission. It is quite clear plaintiffs do not seek redress from anyone except the state. We therefore disregard the misleading manner in which plaintiffs entitled their suit and decide the case on the second ground of the motion. See Jones v. Federal Bureau of Investigation, (D.C.Md.1956), 139 F.Supp. 38, 41.

II. Plaintiffs concede their action is one for abuse of process, but they say such an action is not barred by the statute. They rely on the statutory language—abuse *or* process—to justify their argument that an action for abuse *of* process is not within the exception and is therefore one for which the state has consented to be sued under the State Tort Claims Act.

We are faced with the problem of deciding if, as defendant claims, the statute inadvertently substituted the word "or" for "of". If it did, is there anything we can do to correct such a manifest clerical error? The answer depends upon the principles controlling judicial review and interpretation of statutory enactments.

■ The most important of these is our duty to seek out and give effect to legislative intent. Harnack v. District Court of Woodbury County, 179 N.W.2d 356, 361 (Iowa 1970); Cedar Memorial Park Cemetery Association v. Personnel Associates, Inc., 178 N.W.2d 343, 347 (Iowa 1970).

Particularly when, as here, we consider a statutory provision for the first time, we give effect not only to the language used but to the purpose of the law as well; and we strive in all cases to avoid interpretations which lead to strained, impractical or absurd results. Northern Natural Gas Company v. Forst, 205 N.W.2d 692 (Iowa 1973); Cedar Memorial Park Ceme-

tery Association v. Personnel Associates, Inc., supra, 178 N.W.2d at page 347; Wilson v. Iowa City, 165 N.W.2d 813, 822 (Iowa 1969).

The dispute here does not arise because the language used is uncertain or ambiguous. Instead it presents a more fundamental question—may we substitute a word which defendant says the legislature *intended* to use for one which it *did* use? Therefore, our decisions dealing with disagreements over the proper interpretation of language susceptible of more than one meaning are not controlling. Nevertheless, several of our opinions permitting "and" and "or" to be used interchangeably when the plain intent of the legislature demands such license, are helpful in pointing the way to the decision we reach here. See Haugen v. Drainage District, 231 Iowa 288, 313, 1 N.W.2d 242, 255 (1941); Ahrweiler v. Board of Supervisors, 226 Iowa 229, 234, 235, 283 N.W. 889, 892 (1939); State v. Hardin County Rural Electric Cooperative, 226 Iowa 896, 915, 916, 285 N.W. 219, 228, 229 (1939); Chicago, Rock Island and Pacific Railway Company v. Rosenbaum, 212 Iowa 227, 236, 237, 231 N.W. 646, 650 (1931).

We also had occasion to refer to circumstances such as now confront us in Kruidenier v. McCulloch, 261 Iowa 1309, 158 N.W.2d 170 (1968), although we did not turn that case on the issue here presented. There we said:

"It is suggested we change the wording of (the statute) * * * by reversing the two directional courses where they are claimed to be erroneous. This, we are told, will conform the plan to the intention of the legislature and will not constitute judicial legislation. * * * There is some authority, however, from other jurisdictions for what we are asked to do here. There is also a considerable contrary view. The matter is by no means one of unanimity. We see no necessity for discussing it at length, but we refer to Volume 2, Sutherland, Statutory Construction (Third Ed.) (Horak), sections 4924, 4925, 4926, pages 452–466. Precedent is there listed for judicial alteration of legislative enactments to remedy such errors as 'mistake, accident or clerical error'; to avoid 'absurd, meaningless, irrational or unreasonable results'; to accomplish 'clear legislative intent'; to supply 'omissions where necessary to prevent unconstitutionality.' Substitution of one word for another has been permitted where necessary 'to carry out legislative intent' or 'to make the act harmonious or to avoid repugnancy or inconsistency' or where it is obvious that the word used is the 'result of clerical error or mistake.' On the other hand some courts have been extremely reluctant to interfere judicially with legislative pronouncements. They refuse to 'venture upon the dangerous path of judicial legislation to supply omissions or remedy defects in matters committed to a coordinate branch of the government. It is far better to wait for necessary corrections by those authorized to make them, or, in fact, for them to remain unmade, however desirable they may be, than for judicial tribunals to transcend the just limits of their constitutional powers.' Some courts deny the power under any circumstances because it is the exercise of a purely legislative authority.

"This precise matter has never been decided by us. We need not determine here whether such authority exists although we can safely subscribe to the principle that, if it does, it should be practiced with extreme caution and great reluctance. * * * "

▓▓▓▓ We reiterate that authority to make changes in legislative enactments should be exercised with "extreme caution and great reluctance," but it does not follow we must remain idle and helpless while permitting inadvertent clerical errors or omissions to frustrate obvious legislative intent. We believe the circumstances now before us demand our intervention to

change the word "or" as used to the word "of" as intended. We give our reasons for reaching this inescapable conclusion.

Our State Tort Claims Act was lifted bodily from the Federal Tort Claims Act. The language of section 25A.14(4) is identical with its counterpart in the federal act (28 U.S.C.A., section 2680(h)) except for the phrase "abuse of process" in the federal act and "abuse or process" in our act.

In Hubbard v. State, 163 N.W.2d 904, 911 (Iowa 1969), we had this to say:

"In seeking intent of our legislature here (in enacting chapter 25A, The Code) we have no guidepost except the assumption that it intended just what Congress intended by the same language as interpreted by the federal courts."

We refuse to believe our legislature intended to adopt the exact language of section 2680(h) of the federal act with the exception of the single word which has caused the present controversy. This becomes abundantly clear when the effect of such an interpretation is considered.

The term "abuse of process" has long been recognized as an actionable tort. Restatement, Torts, page 464 (1938) defines it as the use of a legal process "to accomplish a purpose for which it is not designed." Such a use renders one "liable for the pecuniary loss caused thereby." See also Black's Law Dictionary, Revised Fourth Ed., page 25 (1968); 1 Am.Jur.2d, Abuse of Process, page 250 (1962); Annot. 14 A.L.R.2d 264, 322 (1950). On the other hand "abuse or process" is meaningless in the context in which it appears in the section. If we were to recognize the literal language of the statute, we would be hard put to ascribe *any* sensible meaning to the words; and, indeed, we would then necessarily sanction the absurd result which we are commanded to avoid in statutory interpretation.

We hold it was patently a clerical error to use the word "or" in section 25A.14(4) and that the clear intent of the statute was to provide for an exclusion from liability for abuse *of* process.

Under such circumstances, there is ample authority justifying correction of this clerical error to conform the statute to the legislature's real intent. We list some of the opinions of other courts which reach such a result. Daniels v. Johnson, (1950), 216 Ark. 374, 226 S.W.2d 571, 578 ("near" changed to "nearer"); City of Opa-Locka v. Trustees of Plumbing Industry Promotion Fund (Fla.App.1966), 193 So.2d 29, 31 ("on" substituted for "or"); New Mexico Glycerin Company v. Gallegos, 48 N.M. 65, 145 P.2d 995, 997 (1944) ("or" substituted for "of"); Civic Association of Wyoming v. Railway Motor Fuels, 57 Wyo. 213, 116 P.2d 236, 252 (1941) ("literally" changed to "liberally"); Elfring v. Paterson, 66 S. D. 458, 285 N.W. 443, 446 (1939) ("1939" changed to "1938"); State v. Humphries, 210 N.C. 406, 186 S.E. 473, 476 (1936) ("words may be interpolated when the meaning is plain and unmistakable * * * [and] words which are obviously necessary to complete the sense [of the statute] will be supplied."); Pomeroy v. State Board of Equalization, 99 Mont. 534, 45 P.2d 316, 317 (1935) ("or" changed to "of"); Kitchen v. Southern Railway, 68 S.C. 554, 48 S.E. 4, 6, 7 (1904) ("of" changed to "or"); Martin v. State, 190 Miss. 32, 199 So. 98, 101 (1940) ("and" changed to "are"); Hardin v. Fort Smith Couch and Bedding Company, 202 Ark. 814, 152 S.W.2d 1015, 1017 (1941) ("Corporation" changed to "proportion"); Mississippi Cottonseed Products Company v. Stone, 184 Miss. 409, 184 So. 428, 431 (1938) ("to" substituted for "by"); Craddock-Terry Co. v. Powell, 180 Va. 242, 22 S.E.2d 30, 33 (1942) ("affect" changed to "effect"); Ex Parte United States Hoffman Machinery Company, 270 Ala. 337, 118 So.2d 914, 917 (Ala.1960) ("officers" changed to "offices").

Further support for our conclusion may be found at 82 C.J.S. Statutes § 342, page 685 (1953) and 50 Am.Jur., Statutes, pages 219, 220, 269 (1944). See also State v.

Hughes, 351 Mo. 651, 173 S.W.2d 877, 880 (1943); In re Opinion of the Justices, 267 Ala. 114, 100 So.2d 681, 684 (1958); and St. Louis Southwestern Railway Company v. Loeb, 318 S.W.2d 246, 252 (Mo.1958).

III. We affirm the trial court's order dismissing plaintiffs' petition for failure to state a cause of action upon which the State could be liable under the provisions of chapter 25A, The Code. See Hubbard v. State, supra, 163 N.W.2d at page 912.

Affirmed.