# In the Iowa Supreme Court

No. 22–1974

Submitted October 10, 2024—Filed December 20, 2024

**State of Iowa,**

Appellee,

vs.

**Wichang Gach Chawech,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, judge.

Wichang Chawech seeks further review of the court of appeals decision affirming his convictions and affirming his sentence in part. **Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**

May, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

**May, Justice.**

This case is about a sentencing enhancement, namely, the five-year mandatory minimum sentence that is authorized by Iowa Code section 902.7 (2021). The defendant claims that the district court erred in imposing this enhancement because it was not adequately charged in the trial information and, therefore, imposition of the enhancement violated both the Iowa Rules of Criminal Procedure and the United States Constitution. The court of appeals rejected this claim on error preservation grounds. On further review, we conclude that under our precedents, the defendant's challenge to the sentencing enhancement is an illegal-sentence challenge and, therefore, it is not subject to error preservation principles. On the merits, however, we conclude that the defendant has not shown that his sentence was illegal. So we do not disturb his sentence.

## I. Background.

On the night of October 9, 2021, Wichang Chawech was at a Des Moines bar with friends. The bar was busy. There were altercations between Chawech's friends and other bar patrons. Around 2:00 a.m., Chawech pulled out a 9 mm pistol and pointed it toward a male patron. The man turned to flee. Chawech fired a single round. The bullet grazed the man's jaw from behind. The bullet continued flying. The bullet then hit a woman in the neck. She died from her injuries.

The State charged Chawech in a four-count trial information, as follows:

- Count I: murder in the first degree, as to the woman who died.

- Count II: attempted murder, as to the man who was injured.

- Count III: willful injury causing serious injury, also as to the injured man.

- Count IV: intimidation with a dangerous weapon with intent to injure or provoke fear, for "shoot[ing], throw[ing], launch[ing] or discharg[ing] a dangerous weapon at, into or in a building . . . occupied by another person, or within an assembly of people."

Chawech pleaded not guilty. Chawech also raised defenses of justification, self-defense, and defense of others.

Chawech was tried in September 2022. As the trial proceeded, the district court and counsel worked diligently to produce an appropriate set of jury instructions. The instructions that were ultimately given to the jury were agreed upon, on the record, by both the State and the defense.

The agreed-upon instructions covered the offenses charged in each count of the trial information, the lesser included offenses for each count, and Chawech's defenses. The instructions also advised the jury that:

> [The State] further alleges that during the commission of [the alleged] offenses[,] Defendant represented that he was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon within the meaning of Iowa Code section 902.7.

As will be discussed more below, Iowa Code section 902.7 requires the imposition of a sentencing enhancement—a five-year mandatory minimum sentence—if the jury finds that a person is guilty of a forcible felony and "that the person represented that the person was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon while participating in the forcible felony."

The agreed-upon instructions also provided this definition of "dangerous weapon":

> A "dangerous weapon" is any sort of instrument or device actually used in such a way as to indicate the user intended to inflict

death or serious injury, and when so used is capable of inflicting death.

A firearm is a dangerous weapon.

With the instructions, the jury was provided verdict forms. For each offense charged in the trial information, the verdict forms permitted the jury to find that Chawech was not guilty, that Chawech was guilty of the offense charged, or that Chawech was guilty of a lesser included offense.

The jury was also provided with interrogatories. If the jury found Chawech guilty of one or more offenses, the jury was asked to answer corresponding interrogatories. These interrogatories asked the jury to decide whether, as to each offense, Chawech was "in immediate possession and control of a dangerous weapon," "displayed a dangerous weapon in a threatening manner," or "was armed with a dangerous weapon." It is undisputed that these interrogatories were submitted so that the jury could make the findings required for imposition of the mandatory minimum sentence under section 902.7.

Following deliberations, the jury found Chawech guilty of these four offenses:

- As to count I: the lesser included offense of assault with intent to inflict serious injury.

- As to count II: the lesser included offense of assault with intent to inflict serious injury.

- As to count III: the charged offense of willful injury causing serious injury.

- As to count IV: the charged offense of intimidation with a dangerous weapon with intent to injure or provoke fear.

The jury also answered the interrogatories. The jury found that, as to all four offenses, Chawech was "in immediate possession and control of a dangerous

weapon," "displayed a dangerous weapon in a threatening manner," or "was armed with a dangerous weapon."

At Chawech's sentencing hearing, his counsel asked the court to run Chawech's sentences concurrently for a total term of incarceration not to exceed ten years with "a mandatory minimum of five years." The State asked the court to run the sentences for counts I, III, and IV consecutively for a total term not to exceed twenty-two years with a mandatory minimum sentence of ten years. The State also mentioned the parties' agreement that count II would merge with count III.

The court sentenced Chawech to incarceration on all four counts. The court imposed consecutive sentences for counts I, III, and IV for a total term not to exceed twenty-two years. The court ordered the two-year sentence for count II to run concurrently. The court also imposed the mandatory minimum sentence under section 902.7 for counts III and IV. The court ordered these to run consecutively for a total mandatory minimum sentence of ten years.

This appeal followed.

**II. Issues on Appeal and Further Review.**

**A. Issues Raised by Chawech.** Chawech's appellate brief raises three main issues. First, Chawech argues that the evidence was insufficient to support his convictions. This insufficiency argument has two prongs. On one hand, Chawech argues that the State did not prove that he lacked justification for firing the pistol. On the other hand, Chawech argues that the State did not prove that his bullet caused the woman's death.

Next, Chawech argues that the district court erred in failing to merge his count II conviction for assault with intent to inflict serious injury with his count III conviction for willful injury causing serious injury.

Finally, Chawech argues that the district court "imposed an illegal mandatory minimum sentence under Iowa Code section 902.7" because that sentencing "enhancement was never charged."

**B. The State's Response.** In its brief, the State resists most of Chawech's contentions. For starters, the State argues that the evidence was sufficient. As for the mandatory minimum sentence under section 902.7, the State argues that (1) Chawech failed to preserve error, and (2) in any event, it was proper for the district court to impose the mandatory minimum sentence. As to the issue of merger, however, the State agrees with Chawech that counts II and III should merge.

**C. Proceedings in the Court of Appeals.** After the parties completed their briefing, we transferred this case to the court of appeals. The court issued an opinion affirming in part, vacating in part, and remanding. The court agreed with the State that there was sufficient evidence to support Chawech's convictions. The court also agreed with the State that Chawech's attack on the mandatory minimum sentence failed on error preservation grounds. Finally, the court agreed with the parties that count II should merge with count III. The court vacated Chawech's sentence as to count II and remanded for entry of an appropriate order.

**D. Further Review.** Chawech filed a timely application for further review. Chawech asks us to find that the court of appeals erred in two ways: (1) by concluding that there was sufficient evidence and (2) by concluding error was not preserved as to his challenge to the mandatory minimum sentence. We granted Chawech's application.

When our court grants an application for further review, we have discretion as to which issues we will consider. We may choose to decide some or

all of the issues that were properly raised in the appeal. *State v. Miller*, 4 N.W.3d 29, 34 (Iowa 2024).

Here, we choose to focus on Chawech's challenge to the mandatory minimum sentence. As to the other issues raised in Chawech's appeal, the court of appeals decision stands.[1]

### III. Chawech's Sentencing Challenge.

With that background, we turn to Chawech's challenge to the mandatory minimum sentence under Iowa Code section 902.7, which states:

> At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that the person was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until the person has served the minimum sentence of confinement imposed by this section.

Chawech claims that because section 902.7's mandatory minimum sentence was not adequately charged in the trial information, it was improper for the district court to impose the mandatory minimum sentence.

As mentioned, the court of appeals did not reach the merits of this claim. Instead, the court of appeals affirmed Chawech's sentence because he did not preserve his challenge in the district court. So we start our review by considering whether that error preservation ruling was correct.

---

[1]We clarify one technical issue, however. As mentioned, the court of appeals correctly determined that the convictions on count II and count III must merge. In the conclusion of its decision, however, the court of appeals "affirm[ed] Chawech's convictions." This might be misunderstood to mean that Chawech's conviction as to count II was affirmed. To avoid any possible confusion, we expressly vacate both Chawech's sentence *and* his conviction as to count II.

**A. Error Preservation.**

1. *General principles.* There are general rules of error preservation that apply to most situations in most cases. These rules are rooted in the fact that Iowa's appellate courts are courts of error correction. Iowa Const. art. V, § 4 ("The supreme court . . . shall constitute a court for the correction of errors at law . . . ."); Iowa Code §§ 602.4102(1) ("The supreme court . . . constitutes a court for the correction of errors at law."), .5103(1) ("The court of appeals . . . constitutes a court for the correction of errors at law."). Because we are error-correction courts, we generally don't decide issues for the first time. Rather, we usually decide only those issues that were (1) properly raised in the district court and (2) ruled on by the district court. We do this because "[i]f an issue was never presented to the district court to rule on, and if the district court did not in fact rule on it, we lack any 'error' to correct." *State v. Gomez Medina*, 7 N.W.3d 350, 355 (Iowa 2024); *see also Ruiz v. State*, 912 N.W.2d 435, 441 (Iowa 2018) ("The doctrine of waiver applies to issues not asserted on appeal whereas the doctrine of error preservation applies to issues not asserted or decided in the district court.")

These rules apply to most of the issues raised by criminal defendants. Examples include challenges to guilty plea proceedings, *State v. Hightower*, 8 N.W.3d 527, 534–35 (Iowa 2024); challenges to the factual basis for a guilty plea, *State v. Hanes*, 981 N.W.2d 454, 455–56 (Iowa 2022); claims that evidence should be suppressed on constitutional grounds, *State v. Bauler*, 8 N.W.3d 892, 907–08 (Iowa 2024); claims that the district court failed to conduct a proper hearing under Iowa Rule of Evidence 5.412, *State v. Trane*, 984 N.W.2d 429, 434–36 (Iowa 2023); challenges to the jury selection process, *State v. Ford*, 992 N.W.2d 641, 643–47 (Iowa Ct. App. 2023); claims that evidence was improperly

admitted, *State v. Dessinger*, 958 N.W.2d 590, 599, 603 (Iowa 2021); claims that evidence was improperly excluded, *State v. Zacarias*, 958 N.W.2d 573, 586–87 (Iowa 2021); challenges to the jury instructions, *State v. Davis*, 951 N.W.2d 8, 16 (Iowa 2020); challenges to the refusal to give requested jury instructions, *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020); and challenges to the procedures for establishing prior offenses for purposes of the habitual-offender sentencing enhancement, *State v. Smith*, 924 N.W.2d 846, 850–852 (Iowa 2019) (applying *State v. Harrington*, 893 N.W.2d 36 (Iowa 2017)).

2. *Exceptions.* Like most rules, our error preservation rules have exceptions. We have found a variety of exceptions in criminal proceedings. For example, we have held that error preservation is not required to raise a challenge to the sufficiency of the evidence supporting a conviction, *State v. Crawford*, 972 N.W.2d 189, 194, 198, 202 (Iowa 2022), or to challenge the district court's failure to hold a competency hearing, *State v. Newman*, 970 N.W.2d 866, 870–71 (Iowa 2022).

Of particular importance here, Iowa caselaw shows that sentencing challenges are often excepted from our error preservation requirements. *See, e.g., State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994) ("[Error preservation rules], however, [are] not ordinarily applicable to void, illegal or procedurally defective sentences."). The excepted challenges generally fall into one of two categories. The first category of excepted challenges has sometimes been called "procedurally defective sentences." *Id.* This category encompasses claims that the court abused its discretion through its choice of sentence or through the reasons it gave for that choice. Examples include claims that the court failed to consider certain matters, *State v. Rasmussen*, 7 N.W.3d 357, 364–65 (Iowa 2024); claims that the court relied on an improper consideration,

*State v. Canady*, 4 N.W.3d 661, 675–76 (Iowa 2024); *State v. Cooley*, 587 N.W.2d 752, 754–55 (Iowa 1998) (discusses exception to error preservation); claims that the court did not properly weigh various factors, *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023); claims that the court failed to exercise discretion granted by our sentencing statutes, *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999) (discusses exception to error preservation); claims that the court did not adequately explain its reasons for the sentence, *State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016); *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) (discusses exception to error preservation); *State v. Boltz*, 542 N.W.2d 9, 10–11 (Iowa Ct. App. 1995) (same); claims that the court failed to state reasons for ordering consecutive sentences, *State v. Wilson*, 5 N.W.3d 628, 633–35 (Iowa 2024); and claims that the court should have chosen differently when selecting among lawful sentencing options, *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024); *State v. Gordon*, 998 N.W.2d 859, 862–63 (Iowa 2023).[2] This category also includes claims that the sentencing process was tainted because the state failed to honor its agreement to make a particular recommendation to the sentencing judge. *State v. Boldon*, 954 N.W.2d 62, 70 (Iowa 2021) ("While some forms of sentencing error require a timely objection or challenge to preserve an issue for appellate review, an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable.")

---

[2]Unless otherwise noted, the listed procedural-defect cases do not explicitly discuss error preservation. In each case, however, the state conceded that the rules of error preservation did not apply. Appellee's Brief at *12, *Rasmussen*, 7 N.W.3d 357 (No. 22–1144), 2023 WL 9549634; Appellee's Brief at *50, *Canady*, 4 N.W.3d 661 (No. 22–0397), 2023 WL 9549627; Appellee's Brief at *8, *Phillips*, 996 N.W.2d 419 (No. 22–0659), 2023 WL 3157532; Appellee's Brief at *3, *Hill*, 878 N.W.2d 269 (No. 15–0030), 2015 WL 13922048; Appellee's Brief at *24, *Wilson*, 5 N.W.3d 628 (No. 23–0560), 2023 WL 10368511; Appellee's Brief at *11, *Luke*, 4 N.W.3d 450 (No. 22–1367), 2023 WL 8934141; Appellee's Brief at *13, *Gordon*, 998 N.W.2d 859 (No. 22–1062), 2023 WL 7056428.

The second category of excepted challenges is illegal sentences. Generally, we have limited this category to "claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *Anderson v. Iowa Dist. Ct.*, 989 N.W.2d 179, 181 (Iowa 2023) (quoting *State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018)). This understanding is generally consistent with our recent amendments to the rules of criminal procedure, which include this definition of "illegal sentence":

> An illegal sentence is a sentence that could not have been lawfully imposed for the defendant's conviction or convictions. An illegal sentence includes a separate sentence for a conviction where that conviction merged into another conviction. Challenges to the defendant's underlying convictions or claims that the sentencing court abused its discretion in imposing a sentence within legal limits do not raise illegal sentencing issues.

Iowa R. Crim. P. 2.24(5)(*b*) (2024).

Although both illegal-sentence challenges and procedural-defect challenges are excepted from our error preservation requirements, there is a fundamental difference between the two. Because an illegal sentence is void, it may be corrected at *any* time, even "many years after the fact," *Sahinovic v. State*, 940 N.W.2d 357, 360 (Iowa 2020), "regardless of whether or not it was timely appealed," *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983). The same is not true of procedural-defect challenges, which must be raised through a timely appeal. *State v. Lathrop*, 781 N.W.2d 288, 292–93 (Iowa 2010).

3. *Exceptions from the exceptions.* Although most sentencing challenges are not subject to error preservation rules, we have recognized exceptions. For instance, when our rules or statutes provide a clear mechanism through which the defendant can raise an issue before the district court, we have sometimes required the issue to be timely raised. A key example is Iowa Code section 901.4,

which expressly permits defendants to raise objections to the presentence investigative report. ("The defendant or the defendant's attorney may file with the presentence investigation report, a denial or refutation of the allegations, or both, contained in the report. The denial or refutation shall be included in the report."). Because of this, we have held that the "district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000) (en banc). And if the defendant fails to object to alleged defects in the presentence investigative report prior to the entry of sentence, the defendant will not be allowed to attack the sentence based on those defects. *State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024); *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

But exceptions like these don't apply to an illegal-sentence challenge. Because an illegal sentence is void, it is subject to attack *even if* the defendant invited it or even specifically requested it. *Rasmussen*, 7 N.W.3d at 365 ("[I]t is well established that an illegal sentence cannot be affirmed on the basis of contract, waiver, estoppel, or detrimental reliance."); *State v. Green*, No. 15–1657, 2016 WL 3554888, at *1 (Iowa Ct. App. June 29, 2016) ("The fact that he invited—nay, specifically requested—imposition of an illegal sentence does not negate his right to challenge the sentence."). As to illegal sentences, error preservation principles are irrelevant.

**B. Application.** With this background in mind, we return to the question before us: Was the court of appeals correct to conclude that Chawech's challenge to his mandatory minimum sentence fails on error preservation grounds?

The State argues that this conclusion is supported by our opinion in *Tindell v. State*. 629 N.W.2d 357 (Iowa 2001) (en banc). *Tindell* was not a direct appeal from a criminal conviction. *See id.* at 358–59. Rather, *Tindell* was a

postconviction-relief case that the applicant filed after his probation was revoked in 1998, almost three years after his 1995 sentencing. *Id.* The central question in *Tindell* was whether the applicant's sentence had been illegal—and, therefore, subject to challenge at any time—because the applicant had withdrawn his guilty plea (before one judge) but then allowed himself to be sentenced (before a different judge) without explicitly reaffirming his guilty plea (and, it seems, without disclosing his prior withdrawal of the plea). *Id.* The postconviction-relief court rejected his illegality claim, and we affirmed. *Id.* at 359–360. We explained that "Iowa Rule of Criminal Procedure 23(5)(*a*) [(now rule 2.24(5)(*b*))], and our cases, allow challenges to *illegal* sentences at any time, but they do not allow challenges [at any time] to sentences that, because of procedural errors, are illegally *imposed.*" *Id.* at 359. And, we concluded, the applicant's claim was not an illegal-sentence claim, that is, a claim that his sentence had been "in excess of that prescribed by law and thus outside the jurisdiction of the court to impose." *Id.* at 360. Rather, the applicant was only raising a "claim of procedural error," and that claim was "precluded by our normal error-preservation rules." *Id.* Similarly, the State argues, Chawech's claim about the trial information was a claim of procedural error and, therefore, subject to normal error preservation rules.

We think the State misreads *Tindell*. The question in *Tindell* was whether the applicant's sentence was illegal and, therefore, could be *collaterally attacked* through a postconviction-relief action or otherwise. We concluded that because the sentence had, at most, a procedural error, it could not be collaterally attacked as an illegal sentence. *Id.* at 359–60. We were not confronted with, and we did not address, whether the applicant could have raised his claim of

procedural error on direct appeal. So we do not think *Tindell* is particularly relevant to Chawech's direct appeal.

Instead, we agree with Chawech that his case is governed by *State v. Luckett*. 387 N.W.2d 298 (Iowa 1986). *Luckett* involved a direct appeal from a defendant's conviction of attempted murder. *Id.* at 298. The case presented two issues: (1) did the district court err by refusing to submit certain lesser included offenses, and (2) did the district court err by imposing a mandatory minimum sentence under section 902.7. *Id.* at 299–300. After rejecting the defendant's lesser-included-offenses argument, our court turned to the mandatory minimum sentence issue. *Id.* The *Luckett* defendant argued that "because the trial information failed to allege firearm possession" as required by Iowa Rule of Criminal Procedure 6.6 (the predecessor of rule 2.6(6)), the district court "erred in imposing a mandatory five-year sentence." *Id.* at 301. The state resisted on error preservation grounds, "pointing out that [the] defendant did not object to the application of section 902.7 at the time of sentencing and did not file a post-trial motion to correct any error." *Id.* We rejected the state's error preservation argument. *Id.* We explained:

> It is generally true that "[m]atters not raised in the trial court or in a post-trial motion will not be considered for the first time on appeal." This general rule, however, does not serve to justify illegal sentences.
>
> It was not necessary for defendant to either object to the sentence or raise the point by way of a post-trial motion. Error was not waived and we accordingly address the merits of the assignment.

*Id.* (alteration in original) (citations omitted) (quoting *State v. Morehouse*, 316 N.W.2d 884, 886 (Iowa 1982), *overruled on other grounds by State v. Kress*, 636 N.W.2d 12 (Iowa 2001)).

We think *Luckett* is dispositive. As in *Luckett*, Chawech claims that it was error for the district court to impose section 902.7's mandatory minimum sentence because the trial information did not satisfy the requirements of rule 2.6(6). Under *Luckett*, a challenge of this kind is an illegal-sentence challenge. Therefore, under *Luckett*, Chawech was not required to preserve error.

*State v. Dann* also supports this conclusion. 591 N.W.2d 635 (Iowa 1999) (per curiam). As in *Luckett*, the defendant in *Dann* received a mandatory minimum sentence under section 902.7. *Id.* at 636–37 On appeal, the defendant argued that the mandatory minimum sentence should not have been imposed "because the state failed to allege in the trial information that he used a dangerous weapon" as required by rule 6.6 (again, the predecessor of rule 2.6(6)). *Id.* at 637. The state argued that the defendant failed to preserve error on his deficient-trial-information argument, which was raised for the first time on appeal. *Id.* We disagreed. *Id.* We acknowledged that "[g]enerally, matters not raised in the trial court will not be considered for the first time on appeal." *Id.* But we cited *Luckett* and concluded that "[n]onetheless, because [the defendant] is challenging the legality of his sentence, error was not waived." *Id.* (citing *Luckett*, 387 N.W.2d at 301). We then proceeded to the merits of the defendant's argument about the trial information. *Id.* at 637–39.

As in *Dann*, Chawech raises his deficient-trial-information argument for the first time on appeal. As in *Dann*, though, Chawech is "challenging the legality of his sentence," the mandatory minimum. *Id.* at 637. Therefore, as in *Dann*, Chawech's argument is not waived despite his failure to raise it in the district court. So, as in *Dann*, we must proceed to the merits of Chawech's claim.

**C. Merits.** As explained, Chawech claims that his sentence was illegal because the trial information did not comply with Iowa Rule of Criminal

Procedure Rule 2.6(6) (2021) or, alternatively, the United States Constitution. Specifically, Chawech claims that both rule 2.6(6) and the Constitution were violated because the trial information did not "mention . . . Iowa Code section 902.7," the statute that authorizes the mandatory minimum sentence. This made the mandatory minimum sentence illegal, Chawech claims.

We disagree. The State was not required to cite a particular statute in the trial information. Rather, under both rule 2.6(6) and the United States Constitution, it is enough for the State to include the predicate *facts* that trigger the mandatory minimum sentence. This conclusion is supported by the text of rule 2.6(6), which states:

> *Allegations of use of a dangerous weapon.* If the offense charged is one for which the defendant, if convicted, will be subject by reason of the Code to a minimum sentence *because of use of a dangerous weapon, the allegation of such use,* if any, shall be contained in the indictment. If use of a dangerous weapon is alleged as provided by this rule, and if the allegation is supported by the evidence, the court shall submit to the jury a special interrogatory concerning this matter, as provided in rule 2.22(2).

Iowa R. Crim. P. 2.6(6) (second emphasis added) (footnote omitted) (citing Iowa Code § 902.7).[3]

As its text makes clear, rule 2.6(6) *does not* require the state to cite the particular portion of the Iowa Code that might justify an enhanced sentence. *See State v. Beaver*, 429 N.W.2d 778, 779 (Iowa Ct. App. 1988) ("[R]ule 6(6) [(the predecessor to rule 2.6(6))] does not require a specific reference to section 902.7.") In this way, rule 2.6(6) differs from its neighbor, rule 2.6(7), which requires pleadings that rely on *foreign* statutes—that is, the statutes of

---

[3]As we emphasized in *State v. Harris*, the rules of criminal procedure have been amended recently. *See generally State v. Harris*, 12 N.W.3d 333, 337–38 (Iowa 2024) (discussing the amendments and their effective dates). The preamendment rule 2.6(6), which we apply here, has been replaced by new rule 2.6(4). *Compare* Iowa R. Crim. P. 2.6(6) (2021), *with id.* r. 2.6(4) (2024).

"*another* state, territory or jurisdiction of the United States"—to "refer" to those foreign statutes "by plain designation." Iowa R. Crim. P. 2.6(7) (emphasis added).

Rather, rule 2.6(6) only requires two things. First, in the indictment or trial information, the state must allege the predicate fact—"use of a dangerous weapon"—that may subject the defendant to greater punishment. *Id.* r. 2.6(6). Then, at trial, the factual question—did the defendant use a dangerous weapon— must be answered by the jury through special interrogatories. *See Wharton-El v. Nix*, 38 F.3d 372, 375 (8th Cir. 1994) ("To be sentenced under the five-year mandatory minimum of section 902.7, the trial information must contain an allegation of firearm use, and the court must submit a special interrogatory to the jury.") Chawech does not claim that these requirements were not met. So Chawech has not shown that rule 2.6(6) was violated.

Likewise, we find no support for Chawech's claim that his sentence was unconstitutional. Chawech directs us to *Alleyne v. United States*, 570 U.S. 99 (2013), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999). Reading these cases together, we think the United States Supreme Court is saying that a *fact* supporting the application of a sentencing enhancement must be treated as an element to be charged, submitted to the jury, and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103 ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."); *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Jones*, 526 U.S. at 243 n.6 ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.").

But none of these cases suggest that a sentence-enhancing statute must be referenced with particularity in the trial information or indictment. *See Alleyne*, 570 U.S. at 103 (indictment, appearing to contain statutory reference to the enhancement, not a focus of the case); *Apprendi*, 530 U.S. at 469 ("None of the counts referred to the hate crime statute, and none alleged that [the defendant] acted with a racially biased purpose.") *Jones*, 526 U.S. at 230–31 ("The indictment made no reference to the statute's numbered subsections and charged none of the [enhancing] facts . . . ."); *see also Hamling v. United States*, 418 U.S. 87, 118–19 (1974) (concluding the indictment's use of the term "obscene," as used in the statute, was "sufficiently definite in legal meaning to give a defendant notice of the charge against him").

**D. Disposition.** Our error preservation rules do not bar Chawech's argument that his mandatory minimum sentence was illegal. Even so, Chawech has not shown that this sentence was actually illegal. So we do not disturb this sentence.

We affirm in part and vacate in part the court of appeals decision. We affirm Chawech's conviction and sentence as to counts I, III, and IV; we vacate his conviction and sentence as to count II; and we remand to the district court for the entry of an order consistent with this opinion.

**Decision of Court of Appeals Affirmed in Part and Vacated in Part; District Court Judgment Affirmed in Part, Reversed in Part, and Case Remanded.**